Matter of Giovati (2019 NY Slip Op 02667)





Matter of Giovati


2019 NY Slip Op 02667


Decided on April 9, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. Judith J. Gische,Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton,Justices.


M-42

[*1]In the Matter of Maive Rita Giovati, a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Maive Rita Giovati, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Maive Rita Giovati, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on January 14, 1987.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kathy W. Parrino, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent Maive Rita Giovati was admitted to the practice of law in the State of New York by the Second Judicial Department on January 14, 1987. Respondent's last registered address is within the First Judicial Department.
The Attorney Grievance Committee (AGC), and respondent jointly seek an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), to suspend respondent from the practice of law for a period of five years retroactive to September 21, 2015, the date of the order denying respondent's prior motion for reinstatement.
By order of February 3, 1998, effective March 6, 1998, this Court suspended respondent from the practice of law as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees (240 AD2d 106 [1st Dept 1998]).
By unpublished order of September 21, 2015, this Court denied respondent's motion for reinstatement pending conclusion of an investigation by the AGC.
Thereafter, in 2016, the AGC moved for respondent's immediate disbarment, without further proceedings, based on her alleged unauthorized practice of law in willful violation of this Court's suspension order. By order of February 1, 2018, this Court denied the AGC's motion without prejudice to further proceedings before the AGC and respondent remained suspended pursuant to our February 3, 1998 order.
In June 2018, the AGC filed a petition containing 11 charges alleging that respondent, inter alia, failed to meet her registration obligations, engaged in the unauthorized practice of law while suspended, and filed false affidavits and documents with the courts, the Office of Court Administration (OCA), and the AGC. In her answer, respondent admitted four of the charges but asserted that her misconduct was due to unintentional error.
By unpublished order of November 16, 2018, this Court deemed four charges established based on respondent's admissions and appointed a referee to conduct a hearing on the remaining charges and make a recommendation as to sanction.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), this motion is supported by a joint affirmation which contains a statement of facts, conditional admissions of professional misconduct, factors in aggravation and mitigation, and agreed upon discipline. Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging her admission to the stipulated facts, her consent to the agreed upon discipline, which she has freely and voluntarily given, and her full awareness of the consequences of such consent.
Prior to 2015, respondent last registered with OCA in 1987, at the time of her admission, but for the 28 years thereafter, she did not register, did not pay the required fees, nor did she update her residential and business addresses as required by 22 NYCRR 118.1(f). As noted, effective March 6, 1998, respondent was suspended until further order of this Court for failure to meet her registration obligations. Respondent asserts that she never received any registration forms, nor notices or calls from OCA advising of her delinquency, and she was unaware of her suspension until late 2014.
Respondent admits that she engaged in the unauthorized practice of law prior and subsequent to her March 6, 1998 suspension: from 1986 to 1987 respondent was employed as an Arbitration Counsel with the New York Stock Exchange (NYSE), the commencement of which pre-dated her January 1987 admission; from September 2004 through January/February 2006, respondent, while suspended, resumed her employment as an Arbitration Counsel with the NYSE; and between 1989 and 2014 respondent served as an arbitrator for the Financial Industry Regulatory Authority (FINRA) during which period she held herself out as a duly registered attorney [FN1]; and commencing in 2007 respondent served as a volunteer for the New York City Bar Association's (NYCBA) Monday Night Law (MNL) program (which provides free legal advice to members of the [*2]public who make appointments to meet with two partnered attorneys) in which capacity respondent held herself out to the NYCBA and the public as a licensed attorney and dispensed legal advice to MNL's "clients." Respondent continued to participate in the MNL program after she learned of her suspension.
Respondent admits further that she made false statements to the courts, OCA, and the AGC. In May 2015, respondent submitted an affidavit to the Second Department to change the name under which she practices law in which she falsely stated that she was in good standing at the bar and not suspended from practice. Respondent asserts that her claim of good standing was done by mistake, which she tried to correct by contacting the Second Department upon learning of her error.
On May 28, 2015, two days after she executed this false affidavit, respondent registered with OCA, paid delinquent fees for 1987-1989 and 2011-2016, but falsely certified that she was retired under 22 NYCRR 118.1(g)from 1991 through 2010 (during which period respondent was employed as an Arbitration Counsel with the NYSE [2004-2006]) and, therefore, was exempt from paying registration fees for this period [FN2]. Respondent asserts that she certified as retired for the aforementioned period because she received erroneous information from court personnel, but upon learning of the error she rescinded her retirement claim and paid the fees due.
Additionally, on her May 28, 2015 registration form respondent affirmed that she had completed 196 CLE credits, had retained certificates of attendance/completion for such, and was in full compliance with 22 NYCRR Part 1500's CLE requirements. Respondent, however, produced certificates documenting completion of only 142.85 CLE credits (she needed at least 192 CLE hours at that time). Respondent admits that she reported an incorrect number of CLE credits on the OCA registration form but that this "was an unintentional error made during a stressful time of trying to be reinstated to the New York Bar so that she [could] be financially independent of her emotionally and financially abusive husband, [from] whom she [has] been separated for 17 years."
In July 2015, respondent submitted an affidavit to this Court in support of her motion for reinstatement in which she stated "[t]he reason for my default in registration is that I stopped practicing law in November 1992 and have [n]ot resumed the practice of law, I did not realize I still needed to pay registration dues to remain in good standing. I thought that my registration would lapse without any consequences. In March of 2015, I learned that I misunderstood the New York [S]tate Bar Rules for non-practicing attorneys." Respondent admits that she did not cease the practice of law in 1992 as represented and evidenced by her employment as an Arbitration Counsel with the NYSE between 2004 and 2006, as well as by her participation in the NYCBA's MNL program commencing in 2007.
Respondent conditionally admits that her actions, as
set forth above, violated all 11 charges alleged in the
Petition of Charges:
Respondent engaged in the unauthorized practice of law in violation of New York's Rules of Professional Conduct (RPC)(22 NYCRR 1200.0) rule 5.5(a), (former rule) 22 NYCRR 603.13, and Judiciary Law § 478 when she practiced law in New York State in 1986 before she was duly admitted to the New York Bar in January 1987 and after she was suspended by this Court effective March 6, 1998 [FN3];
Respondent held herself out to the public as being authorized and entitled to practice law in New York State before her admission to the New York Bar and after her March 1998 suspension in violation of Judiciary Law § 478;
Respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of RPC rule 8.4(c) by falsely claiming to FINRA that she was admitted to practice in New York State in 1986 when her actual date of admission was January 14, 1987; by submitting a false affidavit to the Second Department in which she misrepresented that she was an attorney in good standing when in fact she was suspended; by submitting a false affidavit to the Second Department in which she represented that she was current in the payment of her biennial registration fees when she was not; by falsely certifying to OCA that she was retired from the practice of law from 1991 through 2010 and, therefore, was exempt from payment of registration fees for this period when she was not; by submitting an answer to the AGC and attorney registration forms to OCA in which she misrepresented that she had completed 196 CLE credits and fulfilled her CLE obligations when she had not; and by submitting a false affidavit to this Court in which she misrepresented that she ceased the practice of law in November 1992 when she had not;
Respondent engaged in conduct that adversely reflects on her fitness as a lawyer in violation of RPC rule 8.4(h) when she failed to comply with her registration obligations since her admission to the New York Bar in 1987 as required by 22 NYCRR 118.1(c), (f), and (g);
Respondent engaged in conduct that adversely reflects on her fitness as a lawyer in violation of RPC rule 8.4(h) by engaging in the unauthorized practice of law and filing false affidavits and documents with the courts, OCA, and the AGC.
The parties have stipulated to the following mitigating
factors:
Respondent asserts that: she did not willfully fail to comply with her attorney registration requirements as she was unaware of the actual requirements; when she was hired in 1986 she was given the title of Arbitration Counsel by the NYSE which was aware that she had just passed the New York bar exam, and she was in training and under the guidance of a [*3]senior attorney until she was admitted to the New York Bar; she did not know of her March 6, 1998 suspension, was never notified of such, and never received any attorney registration forms until May 2015; respondent cooperated with the AGC and paid all registration fees with the exception of the 2017-2018 biennial period due to financial hardship; she has been unable to work in the legal field for the last three years; and her financial situation is dire and it is necessary for her to work and support her family;
Respondent is 65 years old, she has Multiple Sclerosis and is a cancer survivor, she has been cancer free for 18 months, and the procedures connected to her cancer diagnosis continue. The parties assert that while this Court has generally disbarred attorneys who engage in the unauthorized practice of law in violation of a disciplinary suspension order, there are no cases directly on point involving an attorney disbarred for violating a suspension order based on failure to register; and they agree that under the circumstances respondent should be suspended for five years retroactive to September 21, 2015 (date of this Court's order denying prior motion for reinstatement).
The parties assert further that in cases involving intentional misrepresentations to courts, the sanction has ranged from suspensions of varying length to disbarment, depending on the particulars of the misconduct and the aggravation and mitigation presented and they reiterate their position that a five-year suspension retroactive to September 21, 2015 is the appropriate sanction herein.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended from the practice of law in the State of New York for a period of five years, effective nunc pro tunc to September 21, 2015, and until further order of this Court.
All concur.
Order filed. [April 9, 2019]
Joint motion for discipline by consent is granted and respondent is suspended from the practice of law in the State of New York for a period of five years, nunc pro tunc to September 21, 2015, and until further order of this Court.



Footnotes

Footnote 1:In 2010, respondent updated her arbitrator profile by providing FINRA with a submission that included her resume which misrepresented her year of admission to the bar as 1986 (not 1987).

Footnote 2:Under 22 NYCRR 118.1(g), an attorney is retired when "he or she does not practice law in any respect and does not intend ever to engage in acts that constitute the practice of law." In addition to her employment as an attorney with the NYSE, respondent admits that she "intended to engage in the practice of law in the future." OCA records show that on or about June 2, 2015 her registration fees were waived for 1991-2010 (but have now been paid).

Footnote 3: The Rules of Professional Conduct did not go into effect until April 1, 2009, nevertheless, the predecessor rules to RPC rule 5.5(a), and rule 8.4(c) and (h), contained essentially identical language.